### MOSIER *vs.* McKAY

Where a defendant in a justice's court executed a bond with surety under the act of 1831, (*p.* 405, § 40,) reciting that such defendant had applied for an adjournment of the cause, and conditioned to be void if he should not dispose of his property until after the expiration of ten days after the plaintiff should be entitled to execution on the judgment; and no adjournment was granted in the cause after the execution of the bond; *held* that the surety incurred no liability.

So held where the bond was executed and dated on the day the cause was tried, as a substitute for a similar bond executed by the defendant with another surety, on an actual adjournment of the cause on a prior day, and where the sureties were changed to enable the former one to be a witness in the cause.

ERROR to the Livingston common pleas. Mosier sued McKay before a justice of the peace, and declared in covenant on a bond, dated Jan. 11th, 1845, in the penalty of $100, executed by the defendant and one Collar, jointly and severally to the plaintiff, with the recital and condition following : " Whereas in a suit before Archibald Renwick, Esquire, a justice of the peace of the county of Livingston, wherein the above named Nathaniel Mosier is plaintiff and the above named Thomas Collar is defendant, *the said defendant hath applied for an adjournment.* Now therefore the condition of this obligation is such, that if no part of the property of the said defendant liable to be taken on execution shall be removed, secreted, assigned or in any way disposed of except for the necessary support of himself and family, until the demand of the said plaintiff shall be satisfied, or until the expiration of ten days after the said plaintiff shall be entitled to have execution issued on the judgment," then the bond to be void, otherwise &c. The plaintiff averred that at the date of the bond such a suit as is therein mentioned was pending before said Renwick, and that said bond was executed at the time of the date thereof, and assigned a breach in the removal of a wagon by Collar out of the county. Plea, *non est factum*, and notice that the wagon was not removed.

There was a good deal of evidence on the trial touching the

Mosier *v.* McKay.

execution of the bond, which was contested.; but it was proved. It appeared to have been given under the following circumstances: The suit referred to in the condition had been adjourned on a former day to the day on which the bond was given, and on that occasion one Van Vleet had become the defendant's surety for the adjournment, and had signed a bond similar in its terms to the one declared on. The plaintiff wished to examine Van Vleet as a witness, and the bond declared on was given as a substitute for the other, to relieve Van Vleet from the objection of interest. No further adjournment was asked for or contemplated; but the suit was tried and judgment given for the plaintiff immediately after the execution of the new bond. Evidence in this suit was given on both sides as to the alleged breach, and the justice gave judgment for the defendant, which was affirmed on *certiorari*, and the plaintiff brought error here

*T. Frothingham*, for the plaintiff in error.

*Hosmer & Brackett*, for the defendant in error.

*By the Court*, BEARDSLEY, J. The execution of the bond by the defendant was duly proved, and so far a cause of action was established. But there was another obstacle to a recovery, which was not obviated on the trial, nor do I see that it could have been in any manner whatever. When the bond was given an action was pending before the justice, (Renwick,) between Mosier and Collar. It was then on trial, and was not adjourned at the time of giving the bond or afterwards. The preamble to the condition of the bond recites the pendency of that suit, and then states that the defendant therein (Collar) *had applied for an adjournment of the cause*, immediately following which is the ordinary condition that the property of the defendant shall not be removed, &c. (*Laws* 1831, *p.* 405, § 40.) In its terms this bond looked to an adjournment of the cause, and the statement that an adjournment had been applied for clearly shows that the bond was only to become effective if an adjournment should be granted. This was as much a

condition in the instrument as it would have been, if expressed in direct terms.

The evidence shows that the bond was not in fact given with a view to obtain an adjournment, but for quite a different purpose. This, however, cannot change or alter what was written. The instrument must speak for itself; and as written it was only to bind the obligors that the property should not be removed, &c. if an adjournment of the cause took place. No adjournment was had, and therefore no action can be maintained on the bond in any event. If it were necessary it might be added, that as the declaration did not state an adjournment, it failed to show a right of action against the defendant. But, confessedly, no adjournment took place after the execution of the bond ; and that is an unanswerable obstacle to any recovery upon it.

· Whether a justice can rightfully cancel a bond previously given, on an adjournment of a cause, and take another obligation in lieu of it, in order to make the obligor in the first bond a competent witness for the party for whom he was surety, need not now be considered. That question is not before us in this case. But if it can be done, the substituted obligation should bear even date with the original and be similar in form, and thus consistent with the previous adjournment, or it should be drawn according to the facts of the case and thus indicate the object for which, and the circumstances under which, it was given.

Judgment affirmed.